IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lonnie L. Hassler,<br><br>Plaintiff,<br><br>v.<br><br>Service Finance Company, LLC,<br><br>Defendant. | Civil Action No.: 3:23-cv-00286-JFA<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW** |

Defendant, Service Finance Company, LLC ("SFC"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. (8)(a)(2), 9(b), 10(b), and 12(b)(6), respectfully moves this Court for entry of Order dismissing Plaintiff Lonnie L. Hassler's ("Plaintiff") Complaint in its entirety and with prejudice. Pursuant to Local Civ. Rule 7.04, DSC, a full explanation of the motion is contained within the motion and a separate memorandum would serve no useful purpose.

## INTRODUCTION

The gravamen of Plaintiff's Complaint is Plaintiff's purchase of a residential solar panel system from non-party entity, Solcius, LLC (hereinafter "Seller" or "Solcius"). (*See generally* ECF 1-1, Plaintiff's Complaint, hereinafter "Compl.") Plaintiff was offered financing of this system by Solcius, and elected to finance his purchase by obtaining financing through SFC—an entity that is legally separate from, distinct from, and unrelated to Solcius. SFC is not in the business of selling, soliciting sales for, or installing residential solar panel systems. (*Id.*) Plaintiff attempts to hold SFC "vicariously" liable for the acts and/or omissions of Solcius without a sufficient basis for said vicarious liability, and confusingly and inexplicably conflates the actions of Solcius with responsibility of SFC. Consequently, Plaintiff's Complaint must be dismissed for failure to state

any viable causes of action as against SFC.

## STATEMENT OF RELEVANT FACTS

1. On December 12, 2022, Plaintiff initiated the instant action by filing his seven-count Complaint against SFC in the Court of Common Pleas for the Third Juridical Circuit in and for Sumter County. (ECF 1-1, Compl.)

2. On December 22, 2022, Plaintiff served SFC with the Complaint in the State Case. (ECF 1, Notice of Removal.)

3. On January 20, 2023, SFC timely removed the instant action to the United States District Court in the District of South Carolina. (ECF 1, Notice of Removal.)

## SUMMARY OF APPLICABLE LAW

To sufficiently plead a claim, Fed. R. Civ. P. 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." As the Court stated in the seminal case of *Ashcroft v. Iqbal*:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) omitted).

In this regard, Fed. R. Civ. P. 8(a)(2) prohibits "shotgun pleading," defined as a complaint that "fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading . . . or if it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *In re SCANA Corp. Sec. Litig.*, No. CV 3:17-2616-MBS, 2019 WL 1427443, at *5 (D.S.C. Mar. 29, 2019) (citing *SunTrust Mortg., Inc. v. First Residential Mortg. Servs. Corp.*, Civil Action No. 3:12CV162, 2012 WL 7062086, *7 (E.D. Va. 2012) (collecting cases)) (internal quotations omitted). Additionally, Fed. R. Civ. P. 10(b) requires that parties state claims or defenses "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

It has been stated that "[Fed. R. Civ. P.] 8 and 10 serve the purposes of (1) giving the opposing party fair notice of what the claims are and the grounds upon which they rests, and (2) framing the issues and providing the basis for informed pretrial proceedings." *In re SCANA Corp. Sec. Litig.*, No. CV 3:17-2616-MBS, 2019 WL 1427443, at *6 (D.S.C. Mar. 29, 2019) (citing *JTH Tax, Inc. v. Hines*, Action No. 2:15cv558, 2017 WL 9480172, *2 (E.D. Va. July 19, 2017) (collecting cases)).

Any additional and alternative legal principles that also apply to Plaintiff's particular causes of action and work to render them dismissible will be discussed below and where appropriate.

## MEMORANDUM OF LAW

### I. Plaintiff's Complaint Should be Dismissed in its Entirety as a "Shotgun Pleading"

As alluded to above, under Federal pleading standards:

> "Shotgun pleading" occurs when a complaint fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading . . . or if it is virtually impossible to know which allegations of fact are intended to support which claims(s) for relief. . . . Indeed, Federal Rule of Civil Procedure 10(b) states

> that "*[i]f doing so would promote clarity,* each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."

*SunTrust Mortg., Inc. v. First Residential Mortg. Servs. Corp.*, No. 3:12CV162, 2012 WL 7062086, at *7 (E.D. Va. Sept. 11, 2012), *report and recommendation adopted,* No. 3:12CV162, 2013 WL 505828 (E.D. Va. Feb. 8, 2013) (internal citations and quotations omitted).

Here, Plaintiff's Complaint is emblematic of a shotgun pleading for several reasons, all of which work to leave SFC without sufficient clarity to allow it to properly frame a responsive pleading and to make it nearly impossible for it to know which allegations Plaintiff is relying on to support his various claims for relief. Additionally, Plaintiff's Complaint fails to set forth the grounds for its main proposition – that the liability against SFC arises from the actions of Solcius. Indeed, Plaintiff's Complaint simply states this as a summary proposition.

First, Plaintiff's complaint fails to adequately plead how and why SFC is "vicariously" liable to Plaintiff for Solcius' acts and/or omissions. Instead, throughout the Complaint, Plaintiff repeatedly asserts, in general and conclusory fashion, the following legal conclusion: "Under the FTC Holder Rule, state law, and language in the contract, Defendant is liable to Plaintiff for all the acts and omissions of the seller of the solar panels, Solcius, LLC." (Compl. ¶ 4; *see also* Compl. ¶¶ 40, 48, 57, 67, 74, 80, 89.) Yet, Plaintiff's Complaint is devoid of any corresponding factual allegations that would demonstrate the propriety of the applicability of the "FTC Holder Rule" to the circumstances of this case. Additionally, the Complaint never identifies the "state law" or the "language in the contract" that might also work to hold SFC liable to Plaintiff for "all the acts and omissions of the [S]eller." However, Plaintiff also alleges that "Defendant and Seller were the principal, agent, and/or employee of each other such that the Defendant is directly liable for the acts and omissions of the Seller alleged herein," without grounds for same. (Compl. ¶ 5.) Again, Plaintiff offers this bare legal conclusion without any corresponding supportive factual allegations.

This pleading approach violates the pleading requirements mandated by Fed. R. Civ. P 8(a)(2).

Second, Plaintiff fails to adequately plead allegations that identify any relevant acts and/or omissions attributable to SFC, *individually*, that would demonstrate and support a finding that SFC is potentially and independently liable to Plaintiff. In fact, across the ninety (90) paragraphs in Plaintiff's Complaint, only paras. 21-29 are aimed at SFC specifically. Instead, Plaintiff improperly, and in general and conclusory fashion, repeatedly attempts to lump Seller and SFC together, but, simultaneously seeks to hold SFC independently liable to Plaintiff. This is especially problematic with regard to Plaintiff's fraud counts, with the following being illustrative of Plaintiff's inappropriate pleading tactics:

<u>First Cause of Action (Fraud)</u>

> The Seller ***and Defendant***—through their respective officers, agents, and employees—***made representations to Plaintiff*** concerning existing facts ***as set forth above***. (Compl. ¶ 31) (emphasis added).
>
> As a result of Seller's ***and Defendant's fraud***, Plaintiff is entitled to recover against Defendant. . . . (Compl. ¶ 41) (emphasis added).

(*See also, e.g.*, Compl. ¶¶ 42-49 (Second Cause of Action (Negligent Misrepresentation)) (wherein Plaintiff employs same phrasing); Compl. ¶¶ 82-90 (Seventh Cause of Action (Unfair Trade Practices)) (wherein Plaintiff employs same phrasing); Compl. ¶¶ 50-58 (Third Cause of Action (Negligence/Gross Negligence)) (wherein Plaintiff's allegations leave reader with assumption that Seller and SFC are a single entity and using phrase "their employees"). Plaintiff's Complaint not only relies on acts and omissions that are vague on their face, but further seeks to attribute liability to SFC for the acts of another party, without setting forth sufficient grounds for same. This pleading approach thus violates the pleading requirements mandated by Fed. R. Civ. P 8(a)(2).

Third, the aforementioned problems with Plaintiff's Complaint and shotgun pleading tactics are further exacerbated by Plaintiff's improper attempts to reference and re-allege certain

allegations in such a non-specific manner. Throughout the Complaint, at the outset of each of his claims for relief, Plaintiff repeatedly asserts: "The above allegations are incorporated herein by reference." (Compl. ¶¶ 30, 42, 50, 59, 69, 76, and 82.) Consequently, each successive cause of action subsumes the previous one without any regard to the relevance of the respective allegations so referenced. This makes review and analysis of Plaintiff's Complaint unnecessarily difficult, cumbersome, and confusing. *See Jackson v. Olsen*, No. CIV.A. 3:09CV43, 2010 WL 724023, at *6 (E.D. Va. Mar. 1, 2010) ("Plaintiff engages in 'shotgun pleading,' wherein each new cause of action incorporates all of the prior allegations into each subsequent claim for relief."). Moreover, in key instances, Plaintiff also repeatedly asserts in wholly non-specific fashion that "Seller ***and Defendant*** made representations to Plaintiff concerning existing facts ***as set forth above.***" (Compl. ¶ 31; *see also* Compl. ¶ 43 (employing use of same phrase).) Once again, this renders Plaintiff's Complaint deficient, because it leaves SFC with only a guess as to which set(s) of allegations "as set forth above" apply to each situation. Plainly, this pleading approach also violates the pleading requirements mandated by Fed. R. Civ. P 8(a)(2).

## II. Alternative and Additional Reasons Plaintiff's Complaint Should be Dismissed

In addition to the pleading deficiencies described in Section I of the instant motion, the following arguments also necessitate dismissal of Plaintiff's various causes of action.

### A. Plaintiff's First and Seventh Causes of Action Do Not Meet the Pleading Requirements of Fed. R. Civ. P. 9(b)

Plaintiff's First and Seventh Causes of Action, which sound in fraud, should be dismissed, because Plaintiff fails to meet the pleading requirements of Fed. R. Civ. P 9(b). Pursuant to applicable Federal law:

> Rule 9(b) ***requires*** that in alleging fraud or mistake, a party ***must state with particularity the circumstances constituting the fraud*** or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. The

> "circumstances" required to be pleaded with particularity under Rule 9(b) are the ***time, place, and contents of the false representations***, as well as ***the identity of the person making the misrepresentation*** and what he obtained thereby. . . . Mere allegations of "fraud by hindsight" will not satisfy the requirements of Rule 9(b).

*In re SCANA Corp. Sec. Litig.*, No. CV 3:17-2616-MBS, 2019 WL 1427443, at *5 (D.S.C. Mar. 29, 2019) (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)) (emphasis added). It has been stated that Rule 9(b) has four purposes:

> First, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of.... Second, Rule 9(b) exists to protect defendants from frivolous suits. A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation.

*Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (internal citation omitted).

Specifically, in attempting to plead his First Cause of Action, Plaintiff states: "The Seller and Defendant—through their respective officers, agents, and employees—made representations to Plaintiff concerning existing facts as set forth above." (Compl. ¶ 31.) Yet, it is entirely unclear to SFC which allegations Plaintiff is referencing here. In this regard, Plaintiff's Complaint only endeavors to identify misrepresentations made by Seller. (Compl. ¶ 14(a)-(p).) There are no allegations delineating any fraudulent acts attributable to SFC. In fact, Plaintiff's Complaint actually suggests that Plaintiff only interacted with the Seller and had no interactions with SFC during the consummation of the agreements and transactions at issue here. Equally important, none of the allegations at Compl. at para. 14 describe or contain the requisite details mandated by Fed. R. Civ. P. 9(b)—namely, they are devoid of any details concerning the time, place, and specific contents of the allegedly false representations, as well as the identity the person making the alleged misrepresentations.[1] (Compl. ¶¶ 82-90 (Seventh Cause of Action (Unfair Trade Practices))

[1] The alleged misrepresentations, identified at Compl. ¶ 14, also do not support any causes of

(wherein Plaintiff similarly, and in wholly general and conclusory fashion, merely alludes to fraudulent misrepresentations made by Seller ***and*** Defendant).)

Consequently, Plaintiff's First and Seventh Causes of Action should also be dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. (9)(b).

### B. Application of the Economic Loss Rule Limits Plaintiff's Remedies to Contract and Bars Plaintiff's Second, Third, Sixth, and Seventh Causes of Action That Are Tort-Based

Plaintiff is an individual who purchased a solar panel electrical system for his residence and related installation services from Seller. Plaintiff financed his purchase from Seller with a purchase money loan from SFC. (*See generally* Compl.) Plaintiff alleges that the solar panel system was not properly installed and Plaintiff has not realized a level of savings on his monthly electrical bill that he was allegedly promised during the sales process. (*See generally* Compl.)

Under South Carolina law:

> [The] economic loss rule provides that ***where a buyer's expectations in a sale are frustrated because the product does not work properly, the buyer's remedies are limited to those prescribed by the law of contract***. . . . This doctrine demarcates the boundary between contract and tort in product liability cases by helping to determine which theories are applicable in a given action. . . . Its contours and rationale have been carefully explained by Judge Traxler in *Myrtle Beach Pipeline Corp. v. Emerson Elec. Co.*, 843 F.Supp. 1027 (D.S.C.1993), *aff'd*, 46 F.3d 1125 (4th Cir.1995) (unpublished table decision). Most fundamentally, the economic loss rule distinguishes between transactions involving the sale of goods, where contract law protects economic expectations, and transactions involving the sale of defective products to individual consumers, whose injuries are traditionally remedied by the law of torts.

*Palmetto Linen Serv., Inc. v. U.N.X., Inc.*, 205 F.3d 126, 128 (4th Cir. 2000) (internal citation to *Kennedy v. Columbia Lumber & Mfg. Co.*, 299 S.C. 335, 384 S.E. 2d 730, 736 (S.C.1989) and others omitted).

---

action based in fraud or tort, because they amount to unfilled promises and/or statements as to future events. *See Tom Hughes Marine, Inc. v. Am. Honda Motor Co.*, 219 F.3d 321, 324–25 (4th Cir. 2000).

In regard to situations involving contracts that provide for the delivery of both goods and services:

> A contract involving the delivery of both goods and services is classified as a sale of goods governed by the U.C.C. where its "pre-dominant thrust" is a transaction of sale, with labor incidentally involved. . . . Courts have thus often limited a party to contractual remedies where the contract calls for a combination of goods and services.

*Palmetto Linen Serv., Inc. v. U.N.X., Inc.*, 205 F.3d 126, 129 (4th Cir. 2000) (collecting cases) (internal quotations and citations omitted).

Here, Plaintiff contracted for the solar panels supplied by Solcius and their installation. The "predominant thrust" of this transaction was for Plaintiff to acquire and Seller to provide a set of solar panels for Plaintiff's residence. Any services involved in the transaction were merely incidental to the sale of goods. Equally important, here, Plaintiff unquestionably alleges only economic losses. *See Palmetto Linen Serv., Inc. v. U.N.X., Inc.*, 205 F.3d 126, 129 (4th Cir. 2000) (collecting cases) (dismissing all negligence-based claims due to application of economic loss rule); *see also Advance Nursing Corp. v. S.C. Hosp. Ass'n*, No. CV 6:16-00160-MGL, 2016 WL 6157490, at *5 (D.S.C. Oct. 24, 2016) ("Plaintiff is mistaken, however, as the Court notes the South Carolina Supreme Court has treated claims for violation of the SCUTPA as torts. *See Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry*, 743 S.E.2d 808, 815 (S.C. 2013) (treating a claim for violation of the SCUTPA as a tort and, as such, subject to the SCTCA). The Court thus holds Plaintiff's claim for violation of the SCUTPA sounds in tort.").

### C. Plaintiff's Fourth Cause of Action for "Unconscionability" Should be Dismissed

Plaintiff's Fourth Cause of Action should be dismissed, because, under South Carolina law, "unconscionability" is only recognized as an affirmative defense to the enforcement of a contract and not as a means of obtaining affirmative relief. *See King v. Carolina First Bank*, 26 F. Supp.

3d 510, 518 (D.S.C. 2014) (applying South Carolina law) (citing *Wells Fargo Bank, N.A. v. Smith,* 398 S.C. 487, 730 S.E. 2d 328, 333 (S.C. 2012) (holding "[t]he doctrine of unconscionability is used as shield, not a sword, and may not be used as the basis for affirmative recovery.")); *see also In re TD Bank, N.A.*, 150 F. Supp. 3d 593, 628 (D.S.C. 2015) (applying South Carolina law).

Accordingly, Plaintiff's Fourth Cause of Action should also be dismissed because it is not recognized under South Carolina law.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons and based upon the foregoing cited authorities, Defendant, SFC, respectfully moves this Court for the entry of an Order dismissing Plaintiff's Complaint in its entirety, and for any other relief this Court deems proper and just.

Dated: February 24, 2023

GORDON REES SCULLY MANSUKHANI LLP

By *s/Brittany T. Bihun*

Brittany T. Bihun (Fed. 12704)
E-mail: bbihun@grsm.com
40 Calhoun Street, Suite 350
Charleston, SC 29401
Telephone: (843) 278-5900
*Attorney for Defendant Service Finance Company, LLC*